UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00028-GZS |
| AHMED SADEK, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 149). Having reviewed this Motion, along with all of the other related filings (ECF Nos. 151, 153 & 154) and the entire docket, the Court DENIES Defendant's Motion.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least seven circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. Aruda, --- F.3d ---, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam); United States v. Shkambi, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021); United States v. McGee, --- F.3d ---, 2021 WL 1168980, at *12 (10th Cir. March 29, 2021). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), aff'g No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019). Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a). See, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or to the community").

## II. DISCUSSION

Defendant Ahmed Sadek, now age 26, has served approximately 50 percent of his 77-month sentence. He has a current estimated release date of May 13, 2023.[2] He is categorized as a Physical Care Level 1/Mental Health Care Level 2 by BOP. Sadek is serving his sentence at Allenwood Medium FCI, which has most recently reported no inmates or staff as positive for COVID-19.[3] There have been no reported inmate deaths due to COVID-19 at this facility. 527 inmates and 50 staff members are listed as recovered from COVID-19 infections. To date, Allenwood FCC, a complex that includes Allenwood Medium FCI, has fully vaccinated 396 staff members and 981 inmates.

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the Bureau of Prisons. However, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. Here, Sadek initially cited his status as a former smoker, an asserted heart condition, and his mental health issues, which pre-date his incarceration and are ongoing. More recently, Sadek has provided his BOP medical records showing his ongoing mental health treatment. See ECF No. 154-1, PageID #s 644-58. Having reviewed these submissions, along with the entire record, the Court concludes that Sadek has not shown that he has any serious medical conditions that place him at materially greater risk for serious illness from COVID-19, nor has he shown that his mental health challenges make him incapable of self-care while he remains detained at his current facility. In short, the Court

---

[2] See https://www.bop.gov/inmateloc/ (last visited 04/26/2021).

[3] All facility COVID-19 statistics were obtained from the BOP's website. See https://www.bop.gov/coronavirus/ (last visited 4/26/2021).

concludes that Sadek has not established extraordinary and compelling health reasons for a sentence reduction.

Beyond his own medical conditions, Sadek asks the Court to consider his family circumstances, namely, the medical conditions of his elderly parents and their need for additional in-home care and support. In response to the Court's March 8, 2021 Order to Show Cause (ECF No. 152), Sadek has provided the Court medical records for his 64 year old mother, along with a signed doctor's note indicating that she has been advised to have an immediate family member provide her 24-hour care at home. See ECF No. 153-1, PageID #s 615-20. He has also provided a similar note from the same physician regarding his 67 year old father's need for in-home assistance from a family member, along with medical records documenting his father's various health conditions. See ECF No. 153-1, PageID #s 621-40. Sadek's desire to help his aging parents is admirable.[4] But, on the record presented, the Court does not find that Sadek's family circumstances rise to the level of extraordinary and compelling, as required by 18 U.S.C. § 3582(c)(1)(A)(i).

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community"). In this case, Sadek is serving a sentence for his role in an armed bank robbery and, despite his relatively young age, had a criminal history category

---

[4] The Court notes that Sadek has also provided the Court a signed offer of employment as a full-time salesperson for a customized t-shirt operation in Fredericksburg, Virginia. See ECF No. 153-3, PageID # 641. Sadek has not explained how he expects to juggle this full-time position while simultaneously providing in-home care to his parents.

of V at sentencing. He has incurred four moderate severity incident reports while serving his sentence. He has completed only two educational courses and remains on the wait list for residential drug treatment, which the Court recommended as part of his sentence. Based on the available record, the Court cannot conclude that Sadek would not pose a danger to the community if he were immediately released. Moreover, the various goals that informed the Court's 77-month sentence remain and, as a result, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Defendant's sentence to allow for his immediate release.

Based on the Court's failure to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, Defendant's pending Motion (ECF No. 149) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of April, 2021.