UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) <br> ) Docket no. 2:18-cr-00028-GZS <br> ) |
| AHMED SADEK, | ) <br> ) |
| Defendant. | ) <br> ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant Ahmed Sadek's Motion for Compassionate Release (ECF No. 160). Having reviewed this Motion, along with the Government's Response (ECF No. 164), the Court DENIES Defendant's Motion.

This Court has denied Defendant's requests for compassionate release on two previous occasions (ECF Nos. 155 & 159). Defendant's current Motion is essentially identical to his first motion (ECF No. 149); however, Sadek has attached a new set of exhibits. The exhibits include his December 2020 request to BOP for compassionate release (ECF No. 160-1); a December 2021 doctor's note regarding his father's need for in-home assistance from a family member (ECF No. 160-2, PageID # 719); and two January 2022 notifications from Allenwood Medium FCI's warden outlining steps being taken to combat the possible spread of COVID-19 (ECF No. 160-2, PageID #s 720–21). Sadek also includes a letter dated February 3, 2022, in which he expresses regret for both his criminal conduct and the toll his continued incarceration has taken on both himself and his family. (See ECF No. 160-3.) Finally, Sadek attaches a letter from his father, who expresses sincere concern that he may not have the opportunity to reunite with his son. (See ECF No. 160-4.)

The Court has given these exhibits due consideration and has also considered whether the intervening year has cast Defendant's renewed Motion in a new light.

Put simply, the Court has not found sufficient grounds to disturb its original decision. Even having considered Sadek's new exhibits, the Court finds no extraordinary and compelling health reasons for a sentence reduction, especially given the broader availability of vaccines and the absence of any active COVID-19 infections at his facility.[1]  See 18 U.S.C. § 3582(c)(1)(A)(i) (requiring finding of "extraordinary and compelling reasons" for sentence reduction). As to Defendant's wish to care for his family, although the elder Sadek's letter presents a sympathetic appeal, the Court remains unconvinced that Sadek's family circumstances rise to the level of extraordinary and compelling.[2]  Furthermore, and in any event, the new submission has not assuaged the Court's concern that Sadek would represent a danger to the community if released, which remains an independently sufficient reason to deny compassionate release. See 18 U.S.C. § 3553(a)(2)(C) (requiring consideration of the need "to protect the public from further crimes of the defendant"); United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022) ("[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release.").

---

[1] Defendant has not stated his vaccination status, but the answer would not change the Court's conclusion. Courts in this Circuit have considered the refusal of the protection offered by vaccination to be a factor against granting compassionate release on the basis of an inmate's risk of contracting COVID-19. See United States v. Greenlaw, No. 1:18-cr-00098-JAW, 2021 WL 1277958, at *6 & n.6 (D. Me. Apr. 6, 2021); see also https://www.bop.gov/coronavirus/ (last visited 4/12/22) (reporting no active COVID-19 infections among inmates and staff at Allenwood Medium FCI).

[2] The Government further notes that Defendant may be subject to deportation proceedings upon his release. See Gov. Response (ECF No. 164), PageID # 734.  Defendant has not explained how he expects to provide in-home care to his parents in Virginia in light of this circumstance.

      Based on the Court's continued failure to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, Defendant's pending Motion (ECF No. 160) is hereby DENIED.

      SO ORDERED.

                                                    /s/ George Z. Singal
                                                    United States District Judge

Dated this 13th day of April, 2022.